**Affirmed and Memorandum Opinion filed July 7, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00580-CR

---

**JOSEPH MICHAEL WARREN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 14CR2059**

---

## M E M O R A N D U M   O P I N I O N

Appellant Joseph Michael Warren appeals his conviction for evading arrest or detention with a vehicle, asserting that the evidence is legally insufficient to prove that he intentionally fled from a law enforcement officer he knew was attempting to arrest or detain him. We affirm.

### BACKGROUND

On July 4, 2014, Officer Bruce Stewart of the Dickinson Police Department

was working a stationary radar on a roadway with a 40-mile-per-hour speed limit. Stewart initiated a traffic stop when he saw appellant's car driving 51 miles per hour. Stewart activated his emergency lights and began to make a U-turn as appellant's car was in front of the patrol car. At that time appellant used his turn signal to indicate he was moving from the left lane to the right lane, and steered his car to the right lane. However, appellant did not stop his car or slow his speed. Stewart sped up to come behind appellant's car, but rather than slow down, appellant made a very fast turn onto a residential street. Stewart testified that both vehicles were traveling at a dangerous speed for a residential area. When appellant failed to stop his car on the residential street, Stewart determined that he was involved in a pursuit, and used his radio to call for back-up.

Stewart testified that appellant passed several places where it would have been safe to stop. It was safe to stop on the roadway or in the residential area. Stewart testified that they were the only two cars on the road at 1:30 in the morning at the time of the pursuit. While Stewart was using the radio to give his location, appellant made another very fast turn in the residential area. When appellant made the second turn, it was onto a gravel road that ended within a few yards. At that time appellant had no choice but to stop or drive through homeowners' yards. As soon as appellant stopped his car, he "jumped out of the car and started aggressively walking back towards" the patrol car. Stewart immediately got out of the patrol car and drew his weapon. Appellant ignored Stewart's commands to get down on the ground. Stewart feared for his safety at this time. Even though appellant did not run away Stewart believed that appellant was attempting to evade arrest because he continued to walk toward Stewart and did not comply with the command to lie down on the ground. Stewart described appellant's movements as "circling and circling." Stewart eventually used pepper

2

spray to subdue appellant and take him into custody. After taking appellant into custody, Stewart learned that appellant was driving with a suspended license. Appellant's passenger reported to Stewart that appellant saw Stewart's emergency lights and accelerated when he saw the lights. Stewart arrested appellant for evading arrest or detention in a vehicle. Appellant was convicted and the jury assessed punishment at nine years in prison and a $500 fine.

In a single issue appellant challenges the sufficiency of the evidence to support his conviction.

## STANDARD OF REVIEW

In evaluating the sufficiency of the evidence presented at trial, we "examine all evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Price v. State*, 456 S.W.3d 342, 347 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). "Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder." *Price*, 456 S.W.3d at 347.

## ANALYSIS

To hold that evidence is legally sufficient to sustain a conviction for evading arrest or detention with a vehicle, the evidence must demonstrate that appellant, while using a vehicle, intentionally fled from a person he knew to be a peace officer attempting lawfully to arrest or detain him. *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); Tex. Penal Code Ann. § 38.04. A person violates section 38.04 only if he knows a police officer is attempting to arrest him but nevertheless refuses to yield to a police show of

3

authority. *Redwine*, 305 S.W.3d at 362.

Appellant argues that the limited distance and duration of the police chase is evidence supporting his claim that he did not intend to flee from police officers, but was simply looking for a safe place to pull over before stopping.

Appellant cites *Griego v. State*, 345 S.W.3d 742 (Tex. App.—Amarillo 2011, no pet.), *Redwine v. State*, 305 S.W.3d at 360, and *Duvall v. State*, 367 S.W.3d 509 (Tex. App.—Texarkana 2012, pet. ref'd), in support of his argument that he was unaware the officer was attempting to arrest him. The facts presented in each of these cases are distinguishable from the facts of this case in that in *Griego* the duration of the pursuit was so short the appellant could not have known he was being pursued, and in *Redwine*, and *Duvall*, the officers did not activate their vehicles' emergency lights and sirens.

In *Griego*, two officers were on their way to a house with their vehicle's lights and sirens activated in response to a report of illegal activity when the officers met the defendant traveling the opposite direction in a vehicle matching the description of the suspect's car. 345 S.W.3d at 746. The officers turned around at a bend in the road and followed the defendant for approximately 17 seconds to a residential driveway. *Id.* at 747–48. As the officers pulled up to the residence, the defendant got out of the car, and walked toward the residence, at which time the officers ordered him to stop. *Id.* at 747. When the defendant did not comply, an officer used a taser to subdue him. *Id.* The court in *Griego* concluded that the evidence was not sufficient to show the defendant knew before getting out of his car that the officers were attempting to arrest him. *Id.* at 752–53. However, the court concluded that the defendant knew or should have known that officers were trying to arrest him after they ordered him to stop. *Id.* at 755.

In *Redwine*, the defendant was driving on a rural road when he encountered

4

a patrol car driving in the opposite direction. 305 S.W.3d at 361. The officers in the patrol car decided to turn around and pursue the defendant for driving too near the center of the road, but the officers never activated their emergency lights and siren. *Id*. The officers followed the defendant's vehicle onto a dirt driveway where they found the vehicle unoccupied. *Id*. at 362. They exited the patrol car and shouted, "Sheriff!" *Id*. The defendant eventually returned on foot to his vehicle where he was arrested. *Id*. This court concluded the evidence was legally insufficient to support the conviction for evading arrest with a vehicle because there was no evidence that appellant evaded arrest while he was in his vehicle. *Id*. at 362, 368.

In *Duvall*, as in *Redwine*, the officers never activated their emergency lights and siren. 367 S.W.3d at 510. Although the defendant sped up as the arresting officer pursued him, the court of appeals held that the defendant did not have the intent to evade arrest or detention because there was no evidence that he refused to yield to a display of authority. *Id.* at 513.

By contrast, in this case, Stewart activated his vehicle's overhead and dashboard emergency lights when he began to stop appellant. Although Stewart did not activate his siren, he testified that at night, the emergency lights are "blinding" and appellant could not have failed to see them. Appellant used his turned signal to move from the left lane to the right lane indicating he had seen the patrol car's activated lights. While appellant, at first, may have thought Stewart was attempting to stop another vehicle, when appellant exited the roadway and turned into a residential area, appellant's car and the patrol car were the only two cars on the roadway. Appellant turned very fast into a residential area with ample room to safely stop. Appellant did not stop the car until he turned onto a dead-end gravel road. After stopping the car and getting out appellant did not yield to Stewart's authority until Stewart used pepper spray.

Speed, distance, and duration of pursuit may be factors in considering whether a defendant intentionally fled. *Griego*, 345 S.W.3d at 751. In this case, a rational trier of fact could consider the speed at which appellant was driving in addition to the facts that he continued to speed after turning into a residential area, did not stop until forced, and did not yield once the vehicle was stopped, in determining whether appellant fled from a person he knew to be a police officer attempting to lawfully arrest or detain him. *See* Tex. Penal Code § 38.04.

Viewing the evidence in the light most favorable to the verdict, and drawing reasonable inferences therefrom, a rational jury could have determined beyond a reasonable doubt that appellant evaded arrest and was not simply looking for a safe place to stop. *See Jackson*, 443 U.S. at 319. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Marc W. Brown
        Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).